UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------- X
                                   :

HENRI GIOVANI MORALES JIMENEZ,      :
                                     :

                Petitioner,        :
                                     :   **MEMORANDUM DECISION AND**
        - against -             :   **ORDER**
                                     :

CHRISTOPHER SHANAHAN, Field Office   :   26-cv-1501 (BMC)
Director; and U.S. IMMIGRATION AND    :
CUSTOMS ENFORCEMENT,           :
                                     :

               Respondents.      :
                                     :
------------------------------------------------------------X

**COGAN**, District Judge.

Petitioner Henri Giovani Morales Jimenez, a Honduran national, seeks a writ of habeas

corpus under 22 U.S.C. § 2241, ordering his immediate release from U.S. Immigration and

Customs Enforcement ("ICE") detention, or providing him with a bond hearing pursuant to

8 U.S.C. § 1226(a), and enjoining ICE from re-detaining him absent lawful authority.  For the

following reasons, the petition is denied.

**BACKGROUND**

Petitioner first entered the United States without inspection on April 7, 2018.  Customs

and Border Protection picked him up that day, issued him an expedited removal order the

following day, and removed him from the country on June 4, 2018.

Petitioner entered the United States without inspection again on July 25, 2018.  He was

apprehended, processed as a Reinstatement of Prior Order Removal pursuant to 8 U.S.C. § 1231,

and prosecuted and convicted for illegal entry pursuant to § 1325.  He was removed from the

country on August 6, 2018.

Petitioner entered the United States a third time without inspection on November 18, 2018. He was apprehended, processed as a Reinstatement of Prior Order Removal pursuant to § 1231, and prosecuted and convicted for illegal re-entry pursuant to § 1326. He was removed from the country on January 30, 2019.

At an unknown time, petitioner entered the United States a fourth time without inspection. He remained undetected by ICE until March 13, 2026. It is not clear from either party's submissions what exactly happened on that date. Respondents say only that petitioner was arrested – not where or under what circumstances – by Long Island Fugitive Operations, with assistance from Homeland Security Investigations and the IRS, pursuant to a Form I-205 administrative removal warrant. Petitioner indicates for the first time in his reply brief that he was apprehended during a traffic stop.

In any event, ICE then served petitioner with a notice of intent to reinstate his initial removal order from April 8, 2018. Petitioner signed the notice, acknowledging receipt and declining to make a statement. He also informed officers that he did not have a fear of returning to Honduras. Accordingly, ICE determined that petitioner was subject to removal through reinstatement of his prior removal order, in accordance with § 1231(a)(5).

Petitioner was initially detained at the Nassau County Correctional Center before being transferred to Delaney Hall in New Jersey. On March 16, 2026, after this case was initiated, the Court ordered respondents to transfer petitioner back to this District. To the Court's knowledge, petitioner is currently being held at Metropolitan Detention Center in Brooklyn, New York.

**DISCUSSION**

I.      **Legal Standard**

Habeas corpus "stands as a safeguard against imprisonment of those held in violation of the law." Harrington v. Richter, 562 U.S. 86, 91 (2011); see also Ozturk v. Hyde, 136 F.4th 382, 393 (2d Cir. 2025). The Court may issue a writ under Section 2241 "whenever a petitioner is 'in custody in violation of the Constitution or law or treaties of the United States.'" Wang v. Ashcroft, 320 F.3d 130, 140 (2d Cir. 2003) (quoting 28 U.S.C. § 2241(c)). "Federal courts have jurisdiction to hear habeas corpus claims by non-citizens challenging the constitutionality of their detention." Lopez v. Sessions, No. 18-cv-4189, 2018 WL 2932726, at *6 (S.D.N.Y. June 12, 2018) (citing Demore v. Kim, 538 U.S. 510, 516-17 (2003)).

II.      **Analysis**

Petitioner makes drastically different arguments between his petition and his reply brief. The Court will address each in turn.

Petitioner raises three principal arguments in his petition: (1) the proceedings by which he was previously ordered removed did not comport with due process because he did not have a meaningful opportunity to present or defend his asylum claim; (2) his detention violates his substantive due process rights because it stifles his liberty interests in family integrity and parental care, as he is unable to care for his U.S. citizen child who has serious medical needs; and (3) his prolonged detention without an individualized review (*i.e.*, bond hearing) violates procedural due process.[1]

---

[1] Petitioner also argues, in only conclusory terms, that his detention violates the Trafficking Victims Protection Act ("TVPA") and the "Flores Settlement." The TVPA has no bearing on the lawfulness of petitioner's detention, as the relevant portions apply only to individuals under the age of 18, and petitioner was 35 when last taken into custody. See 8 U.S.C. § 1232(c)(2)(A) (under the TVPA, unaccompanied alien children in the custody of Health and Human Services must be "promptly placed in the least restrictive setting that is in the best interest of the child"); 6 U.S.C. § 279 (defining "unaccompanied alien child" as an individual who, among other things, "has not attained 18 years of age"). The same goes for the Flores

Each of these arguments is unavailing. With respect to the first argument, Congress has barred the use of habeas petitions to challenge removal proceedings in district court, even "indirectly." See Delgado v. Quarantillo, 643 F.3d 52, 54-55 (2d Cir. 2011); see also P.L. v. U.S. Immigr. & Customs Enf't, No. 19-cv-01336, 2019 WL 2568648, at *2 (S.D.N.Y. June 21, 2019) (collecting cases). As the Real ID Act of 2005 provides,

> [j]udicial review of all questions of law and fact, including interpretation and application of constitutional and statutory provisions, arising from any action taken or proceeding brought to remove an alien from the United States under this subchapter shall be available only in judicial review of a final order under this section.

§ 1252(b)(9). And, as the Act further provides, "[n]otwithstanding ... section 2241 of Title 28, or any other habeas corpus provision, ... a petition for review filed with an appropriate court of appeals in accordance with this section shall be the sole and exclusive means for judicial review of an order of removal." § 1252(a)(5). Thus, to challenge "questions of law and fact" arising out of removal proceedings, there must be a final order of removal, and the courts of appeals have exclusive jurisdiction over review of final orders of removal.[2] Ruiz-Martinez v. Mukasey, 516 F.3d 102, 105 (2d Cir. 2008).

Petitioner's second and third arguments both concern the constitutionality of his detention under § 1226. But petitioner is not being detained under that statute. Rather, because

Settlement. See Mendez Ramirez v. Decker, 612 F. Supp. 3d 200, 205 n.1 (S.D.N.Y. 2020) (explaining that the Flores Settlement arose out of a lawsuit challenging the policies of the INS regarding the release of detained minors, and defined "minor" as "any person under the age of eighteen (18) years who is detained in the legal custody of the INS" and its successors).

[2] However, not even a court of appeals could hear this challenge because petitioner is subject to a reinstated order of removal. See § 1231(a)(5) ("If the Attorney General finds that an alien has reentered the United States illegally after having been removed ... under an order of removal, the prior order of removal is reinstated from its original date and is not subject to being reopened or reviewed, the alien is not eligible and may not apply for any relief under this chapter, and the alien shall be removed under the prior order at any time after the reentry."); Garcia-Villeda v. Mukasey, 531 F.3d 141 (2d Cir. 2008) ("[T]he reinstatement of removal statute expressly prohibits us from giving petitioner a second bite at the apple" to challenge his underlying deportation proceeding.).

he is subject to a final removal order, his detention falls under § 1231. See Johnson v. Guzman Chavez, 594 U.S. 523, 542 (2021) (applying § 1231 detention scheme to noncitizens subject to reinstated orders of removal under § 1231(a)(5)); Wang v. Ashcroft, 320 F.3d 130, 145 (2d Cir. 2003). This also means that petitioner is not entitled to a bond hearing. See Guzman Chavez, 594 U.S. at 526. Petitioner's removal clock began on March 13, 2026 – the date that his removal order was reinstated, see Khemlal v. Shanahan, No. 14-cv-5186, 2014 WL 5020596, at *3 (S.D.N.Y. Oct. 8, 2014) – which means that his detention still falls within the 90-day removal period. Therefore, petitioner has no basis under § 1231 (or § 1226) to challenge the fact of his detention, the reasons for his detention, or the denial of a bond hearing.[3]

Petitioner effectively abandons these arguments in his reply brief. He argues instead that the stop and arrest precipitating his current detention violated his Fourth Amendment rights, as there was no judicial warrant, no probable cause, and no explanation of why petitioner's vehicle was stopped. Accordingly, the evidence obtained from his arrest – that is, any evidence proving his non-citizenship – must be suppressed, and he must be released from detention.

The argument is defective for at least two reasons. First, new arguments cannot be raised in a reply brief, for the obvious reason (among others) that the opposing party has not had the opportunity to address them. Connecticut Bar Ass'n v. United States, 620 F.3d 81, 91 n.13 (2d Cir. 2010); Pineda v. Shanahan, 258 F. Supp. 3d 372, 380 n.11 (S.D.N.Y. 2017). Neither respondents nor the Court have to consider a moving target. Second, insofar as the relief that petitioner seeks is immediate release from custody, petitioner's arguments about the stop and

---

[3] The Court cannot make much of petitioner's statement about caring for his U.S. citizen child because petitioner does not provide any explanation in support. In any case, petitioner fails to allege a substantive due process violation. See Velez v. Levy, 401 F.3d 75, 93 (2d Cir. 2005) (A substantive due process claim "must allege governmental conduct that 'is so egregious, so outrageous, that it may fairly be said to shock the contemporary conscience.'" (Quoting Cty. of Sacramento v. Lewis, 523 U.S. 833, 847 n.8 (1998))).

arrest constitute an indirect challenge to his order of removal, meaning a challenge that the Court is jurisdictionally barred from reviewing. <u>See</u> <u>Delgado</u>, 643 F.3d at 54-55 (2d Cir. 2011); <u>Villatoro v. Shanahan</u>, No. 26-cv-1210, 2026 WL 948297, at *3 (E.D.N.Y. Apr. 7, 2026) (holding that challenge to legality of the stop, arrest, and detention that preceded the reinstatement of the petitioner's order of removal was an indirect challenge to the order of removal and was thus barred from district court review).

As a final matter, the Court must note that petitioner's counsel has not served him well. She glazed over the facts of the case. She offered broad-ranging propositions without case support. When she did reference cases, she provided only their names – no citations. And she relied on an abrogated Supreme Court case and at least one nonexistent case. It was always going to be difficult for petitioner to prevail, but at least he would've had the benefit of liberal construction had he proceeded *pro se*. Individuals in petitioner's position need zealous advocates, not "cut-and-paste lawyering." <u>Tuba Pulla v. Lyons</u>, No. 1:26-cv-2682, 2026 WL 906251, at *1 (S.D.N.Y. Apr. 1, 2026).

## CONCLUSION

For the reasons set forth above, the habeas petition is denied.

**SO ORDERED.**

*Brian M. Cogan*
_____
U.S.D.J.

Dated: Brooklyn, New York
　　　　May 12, 2026